UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA J. EISNER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. 12-cv-01238-JST<br><br>**ORDER RE: JOINT DISCOVERY LETTER DATED APRIL 15, 2013**<br><br>Re: Dkt. No. 33 |

Before the court is the parties' joint discovery letter dated April 15, 2013. ECF No. 33.[1] The issues presented by the letter are suitable for determination without a hearing See Civil L.R. 7-1(b).

The disputed discovery falls into two categories: requests for the production of documents, and notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Having considered the arguments made and the authorities cite in the parties' joint letter, and good cause appearing, the court now rules as follows:

**DOCUMENT REQUESTS**[2]

1.    <u>The Group Disability Insurance Policy</u>

In this category, Plaintiff requests that Prudential produce the following documents:

> The group disability policy and all riders, amendments and interpretive memoranda, and the underwriting file pertaining to the group disability policy issued to Ms. Eisner's former employer.

---

[1] A duplicate copy appears at ECF No. 34.
[2] The parties appear to agree that the Defendant has complied with its discovery obligations with regard to the category entitled "the complete claims record," and so the court does not address it further.

As to this category, Defendant states that it has produced all such documents with its Initial Disclosures. Plaintiff "does not quarrel with Prudential's position that it has produced the requested documents," but nonetheless "requests that Prudential's stated position be made as a binding representation under a Court order."

It is not clear to the court what relief the Plaintiff is requesting. The Court assumes that Defendant responded to Plaintiff's document requests in writing and in the proper format, see, e.g., Schwarzer, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-C ¶ 11:1907 (looseleaf 2013), and confirmed therein that it had produced all documents in its possession. If Defendant has done so, nothing further is required. If Defendant has not done so – because its response is contained only in written correspondence, for example – it is ordered to do so within five court days of this order.

2. Prudential's Claims Manuals and Guidelines

In this category, Plaintiff requests that Prudential produce the following documents:

> Prudential's claims manual and other guidelines pertaining to disability claims, including but not limited to documents and information regarding claims involving fibromyalgia. All documents and information pertaining to Prudential's "self-reported" claims limitation.

Prudential has represented that it will provide to plaintiff a Table of Contents of materials responsive to this category, and will produce to plaintiff the categories she selects from that Table of Contents, upon agreement to a protective order. Plaintiff requests that the court order that Prudential produce the Table of Contents within five days, and that Prudential produce the requested portions documents within five days of plaintiff's selection of the relevant documents.

Defendant does not object to Plaintiff's request, and so the court will adopt these deadlines with one modification: if Plaintiff takes longer than five days to select relevant documents, Defendant may take the same number of days to produce them.[3]

/ / /

---

[3] Notwithstanding its agreement to produce the materials, Defendant also objected to their production. These objections were waived when Defendant agreed to produce the materials in question and are overruled.

2

3. <u>MES and Other Third Party Reviewers</u>

In this category, Plaintiff requests that Prudential produce the following documents:

> Prudential's contracts with MES and other third-party medical reviewers involved in the review or assessment of disability insurance claims; Prudential's procedures for quality review and oversight of third-party reviewers; information regarding the number of claims reviewed by such third party reviewers and the proportion of those claims which are denied or terminated in whole or in part.

Prudential has agreed to produce only documents relating to information regarding the number of claims reviewed by MES, as well as the index and/or table of contents of its training materials discussed above. Prudential objects to the production of any additional documents, however, on several grounds.

First, "Prudential objects to these requests to the extent it seeks information outside of the administrative record. See <u>Abatie</u> [<u>v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955,] 970 [(9th Cir. 2006)(*en banc*)]. Prudential also objects to these requests on the grounds that they are not narrowly tailored and are not relevant to the "nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." See <u>Groom</u> [<u>v. Standard Ins. Co.</u>, 492 F. Supp. 2d 1202], 1205-06 [(C.D. Cal. 2007)]."

The court overrules this objection, as to the production of any contracts with MES or any other third-party reviewer who participated in the review of plaintiff's claim for disability benefits. Contrary to Prudential's position, and as many other courts have found, information about a disability insurerer's contracts with third party reviewers is highly relevant to the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record. <u>See</u>, e.g., <u>Wojno v. Cigna Grp. Ins.</u>, CV 10-07238-JAK JEMX, 2011 WL 3236025 (C.D. Cal. July 21, 2011); <u>Walker v. Metro. Life Ins. Co.</u>, 585 F. Supp. 2d 1167, 1176, (N.D. Cal. 2008); <u>Achorn v. Prudential Ins. Co. of Am.</u>, CIV 1:08-CV-125-JAW, 2008 WL 4427159 (D. Me. Sept. 25, 2008). Even in <u>Santos v. Quebecor</u>, the case on which Prudential relies here, the court ordered production of a wide variety of agreements between the disability insurer and the third party reviewer. <u>Santos v. Quebecor World Long Term Disability Plan</u>, 1:08-CV-565 AWI GSA, 2009 WL 1362696 (E.D. Cal. May 14, 2009).

3

This document request also seeks information about the percentage of claims reviewed by MES or other third-party reviewers that were denied or terminated in whole or in part. As plaintiff correctly points out, "The claims fiduciary's track record in approving and denying disability claims ('a parsimonious claims-granting history') is a specifically relevant inquiry. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968-69 (9th Cir. 2006)(en banc)."

Prudential objects that the information regarding the proportion of those claims which are denied or terminated in whole or part is not contained in compilation form. In the Walker case, supra, Judge Alsup considered and rejected a similar argument. His reasons for doing so were as follows:

> First, without this information, the influence of MetLife's conflict of interest as compounded by its reliance on NMR cannot readily be determined from the record at hand. Second, producing this information is consistent with the Ninth Circuit's advice to conflicted administrators in Abatie "to bring forth affirmative evidence that any conflict did not influence its decisionmaking process, evidence that would be helpful to determining whether or not it has abused its discretion." Abatie, 458 F.3d at 969. It might, for example "demonstrate that it used truly independent medical examiners[.]" Id. at 969 n. 7. Third, in light of [Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 106 (2008)] and Abatie, the demand for such statistics elucidating the influence of insurer conflicts of interest will only grow. While this order does not doubt MetLife's contention that producing such information will be costly, in the short run, the sooner it is able to readily generate such information the greater its savings will be, in the long run, via shortened discovery disputes and, if no conflict is shown, reduced litigation on this point. The public too, will be spared the expense of undue court congestion on these issues.

Walker, 585 F. Supp. 2d at 1176 (N.D. Cal. 2008) (emphasis in original). This court finds Judge Alsup's reasoning persuasive, adopts it here, and overrules Prudential's objection to the production of the requested information.

Prudential's next objection is that "Prudential does not request third party reviewers to determine if a claimant is disabled. Prudential requests an examination or a medical record review of a claimant's functional capacity not a determination of disability."

The court overrules this objection for two reasons. First, the basis for Prudentials' asserted distinction is unclear to the court. As the court understands it, the purpose of a "functional capacity evaluation" is to determine whether a claimant is disabled. See, e.g., Muniz v. Amec

4

Const. Mgmt., Inc., 623 F.3d 1290, 1293-94 (9th Cir. 2010) (district court ordered functional capacity evaluation to determine whether claimant was disabled); Seleine v. Fluor Corp. Long-Term Disability Plan, 598 F. Supp. 2d 1090, 1092 (C.D. Cal. 2009) ("[u]nder the Policy, disability is determined based on functional capacity"), aff'd, 409 F. App'x 99 (9th Cir. 2010); Perryman v. Provident Life & Accident Ins. Co., 690 F. Supp. 2d 917, 932 (D. Ariz. 2010) (examiner concluded that claimant was functioning within work classification based on functional capacity evaluation).

More importantly, however, plaintiff did not ask for the number or percentage of claims denied by third party reviewers; she asked for the number of claims reviewed by third party reviewers that were subsequently denied by Prudential. See ECF No. 33 at 3 (seeking information "regarding the number of claims reviewed by such third party reviewers and the proportion of those claims which are denied or terminated in whole or in part").

In short, Prudential's objections to the production of this information will be overruled, as to MES and any other third-party reviewer who participated in the review of Plaintiff's claim.

## DEPOSITIONS

Plaintiff seeks the ability to take three depositions: (1) a deposition of Prudential under Fed. R. Civ. P. 30(b)(6); (2) a deposition of MES under Fed. R. Civ. P. 30(b)(6); and (3) a deposition of the Plan Administrator under Fed. R. Civ. P. 30(b)(6). Defendant objects that Plaintiff "Plaintiff has failed to demonstrate the necessity of these depositions and failed to include the proposed area of inquiries." ECF No. 33 at 7.

The court disagrees that Plaintiff has not demonstrated the need for these depositions. The court finds that there are topics relevant to Prudential's conflict-of-interest that each of these deponents could reasonably address.

Defendant is correct, however, that a deposition notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Defendant and MES are both entitled to enough specificity that they can each reasonably designate and properly prepare a corporate corporate representative to testify on their behalves. Murphy v. Kmart Corp., 255 F.R.D. 497, 506 (D.S.D. 2009).

The only topic Plaintiff identifies with particularity is Prudential's compliance with its document production obligations. Accordingly, the court will permit Plaintiff to take the deposition of Prudential to address that topic. As to the other depositions Plaintiff requests, those requests are denied without prejudice, and may be renewed after Plaintiff has properly identified the matters for examination.[4]

## CONCLUSION

In summary, the court rules as follows:

1. <u>Group Disability Insurance Policy</u>. If Defendant has already responded to Plaintiff's document requests in writing and in the proper format, and confirmed in that response that Defendant produced all documents in its possession, Defendant need take no further action. If Defendant has not done so – because its response is contained only in written correspondence, for example – it is ordered to properly respond do so within five court days of this order.

2. <u>Prudential's Claims Manuals and Guidelines</u>. Defendant is ordered to produce its Table of Contents within five court days of this order, so that Plaintiff can select relevant documents. Once Plaintiff has made her selections, Prudential will produce the requested documents within the longer of (a) five court days or (b) the length of time Plaintiff took from receipt of the Table of Contents to select relevant documents.

3. <u>MES and Other Third Party Reviewers</u>. Prudential is ordered to produce, within 30 days of this order, all contracts with MES and any other third-party medical reviewer involved in the review or assessment of Plaintiff's disability insurance claim ("Third Party Reviewers"); Prudential's procedures for quality review and oversight of Third-Party Reviewers; and information sufficient to show both the total number of claims reviewed by Third Party Reviewers and the proportion or percentage of those claims which were denied or terminated in whole or in part.

4. <u>Depositions</u>. Plaintiff's request to take the Rule 30(b)(6) deposition of Prudential

---

[4] If Plaintiff seeks to depose a Prudential corporate representative on additional topics, then the request to take that deposition is also denied without prejudice, pending a particularized deposition notice.

1 regarding Prudential's compliance with its document production obligations is granted. Plaintiff's
2 requests to take other depositions are denied without prejudice for the reasons previously stated.
3 **IT IS SO ORDERED**.
4 Dated: May 3, 2013

_____
JON S. TIGAR
United States District Judge